# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **LEE PATRICK VAUGHN,** } | |
| } | |
|     **Plaintiff** } | |
| } | |
| v. } | **Civil Action No.: 2:14-CV-01990-RDP** |
| } | |
| **CAROLYN W. COLVIN,** } | |
| **Acting Commissioner of Social Security** } | |
| } | |
|     **Defendant.** } | |

## MEMORANDUM OF DECISION

Plaintiff, Lee Patrick Vaughn, brings this action pursuant to Section 205(g) of the Social Security Act (the "Act"), seeking review of the decision of the Commissioner of Social Security ("Commissioner") denying his claim for Disability Insurance Benefits ("DIB"). *See also* 42 U.S.C. § 405(g). Based on the court's review of the record and the briefs submitted by the parties, the court finds that the decision of the Commissioner is due to be affirmed.

**I.    Proceedings Below**

Plaintiff filed an application for DIB on September 30, 2011, alleging disability as of September 1, 2008. (Tr. 75, 127-30). On November 16, 2001, Plaintiff's claim for DIB was denied by the Social Security Administration. (Tr. 77). Plaintiff requested and received a hearing on January 23, 2013; he appeared before Administrative Law Judge George Merchant (hereinafter "ALJ"), presiding from Birmingham, Alabama. (Tr. 36-74, 85-86). Steve Rice, an impartial vocational expert, also appeared at the hearing. (Tr. 38, 68-73).

In his decision dated March 12, 2013, the ALJ determined that Plaintiff was not disabled under the Act from his alleged onset date, September 1, 2008, through his date last insured,[1] June 30, 2009. (Tr. 20; *See also* Tr. 132, 139).  After appealing the ALJ's decision, the Appeals Council denied Plaintiff's request in a letter dated April 8, 2014. (Tr. 1-3).  Plaintiff exhausted his administrative remedies, and filed a timely action in this court. Accordingly, Plaintiff's case is ripe for review under Section 205(g) of the Act. *See also* 42 U.S.C. § 405(g).

**II.     Facts**

At the time of his hearing, Plaintiff was 43 years of age and had a college degree. (Tr. 41-42, 139-49). Plaintiff alleges a disability onset date of September 1, 2008, due to his bipolar disorder with depressed mood, neck pain, and back pain. (Tr. 142). Plaintiff worked as an advertising sales representative, and claims he quit working because of his alleged disability. (P. 26, 68-69, 143, 161).  Plaintiff testified that, after his alleged onset date, he was able to care for his children, cook, wash dishes, and do laundry. (Tr. 171). Plaintiff is able to drive, shop, handle money, and spend time with his children, despite having a hard time coping with people. (Tr. 48, 173-74). In addition to being the primary, stay-at-home parent, Plaintiff was able to work at concerts for a few hours at a time, a couple times each month, where he helped monitor the handicapped section. (Tr. 43).

The medical evidence of record, dating back to 2003, documents Plaintiff's history of both physical impairments (degenerative disk disease of the cervical and lumbar spine, and migraine headaches), and mental impairments (bipolar disorder with depressed mood, and chronic pain syndrome). Medical records from Plaintiff's previous treating psychiatrist, Dr.

---

[1] To be eligible for disability insurance benefits, Plaintiff must show he was disabled from September 1, 2008 through June 30, 2009. *See* 42 U.S.C. §§ 416(i)(3), 423(a)(c); 20 C.F.R. §§ 404.101, 404.130, 404.131; *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005)(Plaintiff must prove that he was disabled before the date last insured to be eligible for disability benefits.).

Thomas G. Shafer, document chronic depression and bipolar disorder with episodic mania. (Tr. 213-53). Dr. Shafer indicated in a letter dated June 2007 that he had treated Plaintiff's Bipolar Disorder, Type I since March 2004. (Tr. 239). Dr. Shafer's examination records indicate that Plaintiff reported a good response to medication with no significant exacerbations of mood or symptoms. (Tr. 25, 28, 263).

During his hearing, Plaintiff testified that he had changed psychiatrists in 2011 because he felt like Dr. Shafer did not understand bipolar disorder. In May 2011, almost two years after Plaintiff's date last insured, he began seeing Dr. Emily Lazenby at Psychiatry South. Medical records from Psychiatry South document bipolar disorder, and assign Plaintiff a Global Assessment of Functioning ("GAF") score of 50 or below. (Tr. 940, 945-49, 952, 999, 1005-08, 1116). According to the Diagnostic and Statistical Manual of Mental Disorders, Fourth Edition, a GAF score of 50 or below is indicative of "serious symptoms or any serious impairment in social, occupational, or school functioning." (DSM-IV, p. 32). In October 2012, it is noted that Plaintiff reported that he felt stable but was experiencing dissociative episodes while on his medication. (Tr. 1114). On February 15, 2012, Dr. Lazenby, joined by Plaintiff's treating therapist, Jill Kelly, Completed a Supplemental Questionnaire as to Mental Residual Functional Capacity ("SQ"). (Tr. 969-72). After a psychological evaluation, Dr. Lazenby opined that Plaintiff had both "marked" and "extreme" impairments in several areas of mental functioning. (Tr. 969-72).

Additionally, Plaintiff testified that as a result of his bipolar disorder with depressed mood, he was afraid to leave the house during the relevant time period, and was either overly agitated or overly talkative. (Tr. 44). Additionally, Plaintiff testified to frequent crying spells, suicidal ideation, and severe problems with in-laws because they felt he was not taking care of

their daughter. (Tr. 44-45). Plaintiff reports having difficulty keeping commitments due to his depression and migraine headaches, and testified that he still experiences shooting pain in his legs radiating from his back. (Tr. 48-49). Plaintiff reports still having problems with migraines, estimates that his headaches occur 4 to 8 times each month, and that they sometimes last for days. (Tr. 55-56).

## III.   The ALJ Decision

Disability under the Act is determined under a five-step test. 20 C.F.R. § 404.1520. First, the ALJ must determine whether the claimant is engaging in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i). Work activity involving significant physical or mental activities is "substantial," while "gainful" work is done for pay or profit. *See* 20 C.F.R. § 404.1572(a)-(b). A claimant is presumed to have the ability to engage in a substantial gainful activity when his earnings from employment rise above the amount allowed under 20 C.F.R. §§ 416.974, 416.975. Engaging in substantial gainful activity precludes a claim of disability. 20 C.F.R. § 404.1520(b). Second, the ALJ must determine whether the claimant has a medically determinable impairment, or combination thereof, that significantly limits the claimant's ability to perform basic work activities. 20 C.F.R. § 404.1520(a)(4)(ii). Absent such impairment, the claimant may not claim disability. *Id.* Third, the ALJ must determine whether the claimant's impairment meets or medically equals the criteria of an impairment listed in 20 C.F.R. Pt. 404, Subpt. P, App'x 1. *See* 20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526. If such criteria are met, the claimant is declared disabled. 20 C.F.R. § 404.1520(a)(4)(iii).

If the claimant does not meet the listed criteria, the ALJ may still find disability, after a residual functional capacity ("RFC") assessment.[2] 20 C.F.R. § 404.1520(e). The ALJ applies the

---

[2] A claimant's RFC indicates the most a claimant can do despite his physical and mental limitations. *See* 20 C.F.R. § 404.1545(a); Social Security Ruling (SSR) 96-8p, 196 WL 374184. The assessment of a claimant's RFC is

4

RFC assessment to determine whether the claimant can perform past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). If capable of performing past relevant work the claimant is not disabled; however, a finding that the claimant cannot perform past relevant work, requires the ALJ to determine if he is able to perform any other work commensurate with his RFC, age, education, and work experience. 20 C.F.R. §§ 404.1520(a)(4)(iv)-(v), 404.1520(g). Here, the burden shifts to the ALJ to prove that, given the claimant's RFC, age, education, and work experience, he is capable of making a successful adjustment to other jobs, available in substantial numbers within the national economy. 20 C.F.R. §§ 404.1520(g) and 404.1560(c).

Here, upon considering the record in its entirety, the ALJ found that Plaintiff last met the insured status requirements of the Act on June 30, 2009 and that Plaintiff has not engaged in substantial gainful activity during the period from his alleged onset date, September 1, 2008, through his date last insured, June 30, 2009. *See* 20 CFR § 404.1571 *et seq.* (Tr. 21). Further, the ALJ found that, through his last insured date, Plaintiff suffered from a combination of severe impairments, including: degenerative disk disease of the cervical spine; degenerative disk disease of the lumbar spine; status post lumbar laminectomy and discectomy; migraine headaches; bipolar disorder with depressed mood; and chronic pain syndrome.[3] (Tr. 21). However, the ALJ determined that Plaintiff's impairments, individually and in combination, neither met nor medically equaled the severity of Listings 1.02, 1.04, or 12.04. *See* 20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526. (Tr. 24).

---

based on an evaluation of all the relevant evidence, including medical evidence and testimony concerning the claimant's abilities and limitations. *See* 20 C.F.R. § 4041545(a); SSR 96-8p.

[3] The ALJ found that Plaintiff's hypertension, gastroesophageal reflux disease, hypercholesterolemia, olecranon bursitis, status post right rotator cuff repair, and Barre-Lieou syndrome were non-severe. *See* 20 C.F.R. § 404.1521; SSRs 85-28, 96-3p, and 96-p4). (Tr. 24).

After evaluating the medical evidence of record, the ALJ noted that "[Plaintiff's] medically determinable impairments could reasonably be expected to cause some of the alleged symptoms; however, [Plaintiff's] statements and other allegations concerning the intensity, persistence, and limiting effects of these symptoms are not entirely credible …." (Tr. 26-27). The ALJ further found that, through his last insured date, Plaintiff had the RFC to perform a range of light work as defined in 20 C.F.R. § 4041567(b) with the following limitations: occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl; should not climb ladders, ropes, or scaffolds; avoid exposure to extreme cold, excessive vibration, unprotected heights; and neither operate nor control hazardous, moving machinery. (Tr. 25). Plaintiff can understand, remember and carryout simple instructions, but should not be required to make more than occasional decisions in a work setting with, at most, occasional changes. (*Id.*) In tailoring Plaintiff's RFC, the ALJ found that Plaintiff should interact only on an occasional basis with coworkers, supervisors, and the public. (Tr. 25).

The ALJ determined that, although unable to perform past relevant work through his last insured date, Plaintiff was capable of making a successful adjustment to other jobs that are available in significant numbers within the national economy. (Tr. 28-30). Accordingly, the ALJ concluded that from September 1, 2008 to June 30, 2009, Plaintiff was not disabled under the Act, and therefore, he was not entitled to disability benefits. (Tr. 30).

**IV.    Plaintiff's Argument for Reversal or Remand**

Plaintiff seeks to have the ALJ's decision reversed, or in the alternative, remanded. (*See* Pl.'s Mem. at 12-13). Plaintiff argues only that the ALJ's RFC finding is not supported by substantial evidence because the ALJ failed to accord adequate weight to the opinion of Plaintiff's treating psychiatrist, Dr. Lazenby. (*See* Pl.'s Mem. at 8-12).

**V.     Standard of Review**

The only issues before this court are whether the record reveals substantial evidence to sustain the ALJ's decision, and whether the correct legal standards were applied. *See* 42 U.S.C. § 405(g); *Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988), *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982). The Commissioner's findings are conclusive if supported by "substantial evidence." 42 U.S.C. § 405(g); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). The district court may not reconsider the facts, reevaluate the evidence, nor substitute its judgment for that of the Commissioner. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)). Considering the final decision as whole, the court may only decide if the decision is reasonable and supported by substantial evidence. *See id.*

Substantial evidence is the relevant evidence "a reasonable person would accept as adequate to support a conclusion." *Martin*, 894 F.2d at 1529 (quoting *Bloodsworth*, 703 F.2d at 1239). When substantial evidence exists in support of the Commissioner's decision, his decision must be affirmed, even if the evidence preponderates to the contrary. *See id*.  However, the court notes that judicial review, although limited "does not yield automatic affirmance" of the ALJ's decision. *Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988).

**VI.    Discussion[4]**

In light of the legal standards that apply in this case, the court rejects Plaintiff's argument for remand or reversal. For the reasons outlined below, the court finds that, in making his decision, the ALJ applied the proper legal standards and relied on substantial evidence.

---

[4] Although at the administrative level Plaintiff claimed physical and mental impairments, on appeal, he refers only to his mental impairments. (*See* Pl.'s Mem. at 8-13). Accordingly, Plaintiff has abandoned any claim with respect to any purported physical impairments. *See Hernandez v. Comm'r of Soc. Sec.*, 433 F. App'x 821, 823 (11th Cir. 2011). Further, Plaintiff's sole contention of error is that the ALJ should have credited Dr. Lazenby's treating opinion regarding his mental capacities. As a result, Plaintiff has waived all other issues on this appeal. *See Outlaw v. Barnhart*, No 05-15996, 2006 WL 2640223 at *2n.3 (11th Cir. Aug. 10, 2006).

### A. Substantial Evidence Supports the ALJ's Decision to Assign Less Weight to Dr. Lazenby's Opinion

Plaintiff's argument that the ALJ failed to properly consider the opinion of Dr. Lazenby, Plaintiff's treating psychiatrist is off the mark. "[T]he nature of the relationship between the doctor and the claimant is only one factor used to determine the weight given to a medical opinion." *Chambers v. Astrue*, 2013 WL 486307, at *27 (N.D. Ga. Jan. 11, 2013)(*citing* 20 C.F.R. § 404.1527). When determining the weight to give a physician's opinion, the ALJ considers a number of factors, including whether the physician examined the claimant, whether the physician treated the claimant, the evidence presented in support of the physician's opinion, whether the physician's opinion is consistent with the record as a whole, and whether the physician is specialized in the relevant field. *See* 20 C.F.R. § 404.1527(c)(2) (the factors within the regulations are applied by the ALJ in order to determine the weight given to the opinion); SSR 96-2p, 1996 WL 374188. Although a treating physician's opinion is generally due more weight that the opinions of non-treating medical personnel, an ALJ may discount a treating physician's opinion with good reason. *See* 20 C.F.R. § 404.1527(c)(2); SSR 96-2p; *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1179 (11th Cir. 2011). An ALJ may discount a treating physician's opinion if the opinion is conclusory, is not supported by objective medical evidence, is inconsistent with the record as a whole, or if the evidence otherwise supports a contrary finding. *See* 20 C.F.R. 404.1527(c); *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1159-60 (11th Cir. 2004); *Phillips v. Comm'r of Soc. Sec.*, 357 F.3d 1232, 1240-41 (11th Cir. 2004). Plaintiff correctly asserts that absent good cause to the contrary, the ALJ must accord substantial or considerable weight to the treating physician's opinion. However, here the ALJ articulated "good cause" for discounting Dr. Lazenby's opinion, and that decision is supported by substantial evidence. *See Lamb v. Bowen*, 847 F.2d 698, 703 (11th Cir. 1988).

In the present case, the ALJ assigned Dr. Lazenby's opinion little weight finding that Dr. Lazenby's opinion did not relate to the relevant time period.[5] The ALJ explained that Dr. Lazenby's opinion was completed after the date Plaintiff was last insured and was unrelated to the time period at issue. *See*, *e.g. Hughes v. Comm'r of Soc. Sec. Admin.*, 486 F. App'x 11, 14 (11th Cir. 2012)(noting doctor's opinions did not appear to be based on the claimant's condition prior to the expiration of the claimant's insured status, and thus, the "opinions were not particularly relevant to whether [the claimant] was disabled for purposes of DIB"); *Mason v. Comm'r of Soc. Sec.*, 430 F. App'x 830, 833 (11th Cir. 2011)(holding ALJ properly determined opinion "was irrelevant because it did not specify that it pertained to [the claimant's] condition during the disability period").

Substantial evidence supports the ALJ's determination that Dr. Lazenby's medical opinion is unrelated to the relevant time period. In May 2011, nearly two years after Plaintiff's last insured date, Plaintiff began treatment at Psychiatry South under the care of Dr. Lazenby. (Tr. 27-28, 939). In February 2012, after treating Plaintiff for eight months, Dr. Lazenby, and Plaintiff's treating therapist, Jill Kelly, evaluated Plaintiff's mental condition and indicated that Plaintiff had "marked" to "extreme" impairments in multiple areas of mental functioning. (Tr. 969-70). Dr. Lazenby did not expressly indicate that her opinion was related to Plaintiff's condition pre-date last insured.

Furthermore, Plaintiff's objective medical evidence from the relevant time period does not support utilizing Dr. Lazenby's opinion retroactively. *See* 20 C.F.R. § 404.1527(c)(2)-(4);

---

[5] Again, to be eligible for disability insurance benefits, Plaintiff was required to show that he was disabled before June 20, 2009, the date his disability insured status expired. *See* 42 U.S.C. §§ 416(i)(3), 423(a), (c); 20 C.F.R. §§ 404.101, 404.130, 404.131; *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005). (*See* Tr. 139). Further, showing that an impairment became disabling after the expiration of a claimant's insured status is insufficient to establish eligibility for disability insurance benefits. *See Hughes v. Comm'r of Soc. Sec. Admin.*, 486 F. App'x 11, 13 (11th Cir. 2012)(*citing Demandre v. Califano*, 591 F.2d 1088, 1090 (5th Cir. 1979)(adopted as binding precedent by *Bonner v. City of Pritchard*, 661 F.2d 1206, 1207 (11th Cir. 1981)).

*Crawford*, 363 F.3d at 1159-60; *see also Mason*, 430 F. App'x at 832 ("Where the medical record contained a retrospective diagnosis, that is, a physician's post-insured-date opinion that the claimant suffered a disabling condition prior to the insured date, we affirm [the retrospective diagnosis] only when that opinion was consistent with pre-insured-date medical evidence."). The ALJ has noted numerous inconsistencies between Dr. Lazenby's opinion and Plaintiff's pre-date last insured mental health records. (Tr. 969-70). Despite presenting to his former psychiatrist, Dr. Shafer, in August 2008 with complaints of a "melt down," later that month Plaintiff denied all mental symptomology. (Tr. 22, 267, 329-30).

The ALJ also noted that beginning in September 2008 Plaintiff's mental health records reflect mostly issues regarding medication management, and has pointed to Dr. Shafer's examination records. (Tr. 22, 27-28, 265). Those records describe no more than mild to moderate symptoms, and document Plaintiff's positive response to medication. In March 2009, Dr. Shafer determined that Plaintiff was stable and recommended that Plaintiff participate in vocational rehabilitation, which the ALJ found indicated Dr. Shafer believed Plaintiff was capable of working. (Tr. 24, 265). In April, Plaintiff had a calm demeanor and later reported that he was doing well overall, presenting with no complaints. (Tr. 255, 309). The ALJ noted that in September 2010, after Plaintiff's last insured date, Plaintiff reported acting as "Mr. Mom" and was generally stable. (Tr. 24, 253). Ultimately, the ALJ found Plaintiff's treatment history did not reflect the marked or extreme limitations contained in Dr. Lazenby's opinion. (Tr. 27, 969-70).

The ALJ also noted that his findings were supported by Plaintiff's daily activities. *See* 20 C.F.R. § 404.1529(c)(3); *Dyer*, 395 F.3d at 1212. Plaintiff functioned independently and was able to serve as a primary caretaker for his children. (Tr. 24, 27, 170-74). Additionally, Plaintiff

testified that since his alleged onset date, he has interacted with the public while working at concert events, monitoring the handicapped section for a couple of hours, two-to-three times a month. (Tr. 26, 43). Plaintiff's testimony as to his daily activities during the relevant period did not indicate the marked or extreme impairments described in Dr. Lazenby's opinion.

Plaintiff points to Dr. Lazenby's records, created after Plaintiff's date last insured, to argue that the record, as a whole, supports Dr. Lazenby's opinion. (*See* Pl.'s Br. at 9-10; Tr. 940, 945-49, 952, 999, 1005-08, 1116). But that argument is without merit. The ALJ considered these records and determined that they did not relate to the relevant disability period. (Tr. 23, 28). For the reasons stated above, substantial evidence supports the ALJ's decision to assign little weight to Dr. Lazenby's February 2012 opinion. Accordingly, the ALJ's decision is due to be affirmed.

### VII. Conclusion

The court concludes that the ALJ applied the proper legal standards, and substantial evidence supports his determination that Plaintiff was not disabled from September 1, 2008 through June 30, 2009. Accordingly, the Commissioner's final decision is due to be affirmed. A separate order in accordance with this memorandum of decision will be entered.

**DONE** and **ORDERED** this February 16, 2016.

                                                                    _____
                                                                    **R. DAVID PROCTOR**
                                                                    UNITED STATES DISTRICT JUDGE